IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

CAR POOL LLC,

                Plaintiff,

v.                                              Civil Action No. 3:12cv511-JAG

BROOKE HOKE,

                Defendant.

## **MEMORANDUM OPINION**

This matter comes before the Court on cross-motions to dismiss the plaintiff's complaint and defendant's counterclaim. (Dk. Nos. 18 & 20.) This case involves allegations of sexual harassment in the workplace, a resulting settlement agreement (the "agreement"), and the alleged breach of that agreement by the victim of the harassment.

Car Pool has two counts in its complaint: breach of contract (Count I) and rescission of the contract (Count II). Hoke's counterclaim has five counts: unlawful sex discrimination under Title VII (Count I), hostile work environment under Title VII (Count II), unlawful retaliation under Title VII (Counts III & IV), and breach of contract by Car Pool (Count V). 42 U.S.C. § 2000e *et seq*. In the fifth count in her counterclaim, Hoke alleges three theories of liability for the breach of contract: (1) Car Pool breached the agreement by disclosing and divulging the terms of the agreement in the complaint, (2) Car Pool breached the agreement by disparaging Hoke, and (3) Car Pool breached the agreement by filing a suit seeking rescission of the agreement. (Countercl. ¶¶ 74-76.)

The parties have fully briefed the issues. Their papers permit disposition of the present motions without oral argument.

The Court denies Hoke's motion to dismiss Car Pool's complaint. The Court finds that the plaintiff alleges sufficient factual allegations to support Car Pool's breach of contract and rescission actions. The Court denies in part and grants in part Car Pool's motion to dismiss Hoke's counterclaim. The Court denies Car Pool's motion to dismiss in regard to Counts I – IV, but grants Car Pool's motion to dismiss in regard to Count V. Counts I – IV survive the motion to dismiss because Hoke has met the initial burden of pleading sufficient facts for bringing facially plausible Title VII claims. Count V does not survive the motion to dismiss because Hoke fails to allege sufficient facts that could plausibly constitute a breach of contract.

## I. STATEMENT OF FACTS

*A. Car Pool's Complaint*

The following facts come from the plaintiff's complaint and are stated in the light most favorable to Car Pool. Hoke was an employee of Car Pool. (First Amended Compl. ¶ 2.) She filed an EEOC charge alleging sexual harassment, in violation of Title VII of the Civil Rights Act of 1964. (*Id.* ¶ 3.) After Hoke received her right to sue letter from the EEOC, she and Car Pool entered into settlement negotiations. (*Id.* ¶ 4.) During these negotiations, Car Pool told Hoke that Car Pool was only willing to settle Hoke's claim because it was an isolated claim. (*Id.* ¶ 5.) Car Pool's initial draft of the settlement agreement contained blanks for the insertion of the names of anyone with whom Hoke had shared the prospect of settlement. (*Id.* ¶ 6.) Hoke represented that she had told no one about the prospect of settlement and that Car Pool could remove the blanks from the agreement. (*Id.*) Additionally, the confidentiality provision of the final agreement included a statement that Hoke "has not disclosed any facts or circumstances relating to this matter to any member of the press or anyone else . . . or otherwise published such information, including in a blog, Facebook or similar internet or social media." (*Id.* ¶ 7.) On

May 18, 2012, Hoke signed the agreement without disclosing that the representations in the confidentiality provision were no longer correct. (*Id.* ¶ 8.)

Three days after Hoke signed the agreement, Car Pool received a charge of discrimination by Moutasim Shaabneh. (*Id.* ¶ 9.) Shaabneh was a former co-worker of Hoke (*Id.* ¶ 8.) Shaabneh allegedly learned about Hoke's settlement from Hoke, and Hoke's lawyers represented him. (*Id.* ¶ 10.) Car Pool, however, relied upon Hoke's representation that she had not disclosed the prospect of settlement to anyone. (*Id.* ¶ 11.) If Car Pool had known that Hoke had disclosed even the prospect of settlement to Shaabneh, Car Pool would never have entered into the agreement with Hoke. (*Id.*)

## B. Hoke's Counterclaim

These facts come from the defendant's counterclaim and therefore are stated in the light most favorable to Hoke. Hoke worked as a Front Desk Associate at Car Pool's Far West End location from February 2011 through her resignation on August 16, 2011. (Countercl. ¶ 7.) James Robinson was Hoke's supervisor from February through July 22, 2011. (*Id.* ¶ 8.) Upon Robinson's resignation, Duane Simms, previously the Assistant Manager, became Hoke's Interim Manager. (*Id.*) Simms made multiple sexual comments to Hoke during her employment at Car Pool that made Hoke uncomfortable and were unwelcome. (*Id.* ¶¶ 9-15.) Hoke reported Simms' comments to Robinson. (*Id.* ¶ 16.) Robinson agreed that the comments were inappropriate and promised to take action, but never did and resigned on July 22, 2011. (*Id.*) Simms continued making increasingly inappropriate comments to Hoke. (*Id.* ¶¶ 17-20.)

On August 10, 2011, Simms told Hoke that he knew he had made inappropriate sexual comments to Hoke and that if she felt it necessary she should allege sexual harassment against him. (*Id.* ¶ 21.) He then added that she should not be surprised if she had fewer hours to work in

the future. (*Id.*) Hoke understood this conversation with Simms to mean that any more reports about Simms would lead to a cut in her work hours, or might even cause her to lose her job. (*Id.* ¶ 22.) The next day, Simms snubbed Hoke at work and refused to answer her questions. (*Id.* ¶ 23.) Hoke immediately called the Car Pool Human Resources office. (*Id.* ¶ 24.) Car Pool returned Hoke's call on August 15, 2011, at which time Hoke reported Simms' behavior to the Car Pool Human Resources office. (*Id.* ¶ 25.) The Human Resources office minimized Hoke's concerns and told her to report for work the next day and to act as if nothing had happened. (*Id.* ¶ 25.) At work on August 16, 2011, Simms immediately began glaring at Hoke and treating her in a hostile manner. (*Id.* ¶ 26.) In light of Simms' behavior and statements and the response of Car Pool's Human Resources representative, Hoke believed that the company would not take her complaints seriously, investigate them, or discipline Simms so she resigned on August 16, 2011. (*Id.* ¶¶ 27-28.)

Hoke filed a timely charge with the EEOC alleging discrimination on the basis of sex and retaliation on October 19, 2011. (*Id.* ¶ 31.) EEOC issued a Notice of Right to Sue on March 6, 2012. (*Id.* ¶ 32.) But for the settlement agreement that Hoke signed on May 18, 2012, Hoke's ninety-day right to sue period would have expired on June 7, 2012. (*Id.* ¶ 33.) On June 8, 2012, the day after the ninety day right to sue period expired, Car Pool demanded that Hoke return all payments made to her pursuant to the agreement. (*Id.* ¶ 34.) Car Pool alleged that Hoke had either breached the terms of the confidentiality provisions or misrepresented material facts when signing the agreement. (*Id.*) Hoke rejected Car Pool's demand that she return any payments made to her pursuant to the agreement, and Car Pool filed a complaint against her on June 13, 2012. (*Id.* ¶¶ 35-36.) On June 18, 2012, Hoke filed a second charge of discrimination against Car Pool, alleging that Car Pool had retaliated against Hoke by filing the breach of contract

complaint against Hoke. (*Id.* ¶¶ 43-46.) The EEOC issued a Dismissal and Notice of Rights on July 5, 2012, advising Hoke that she had ninety days to file suit against Car Pool on her claim of retaliation in violation of Title VII. (*Id.* ¶ 46.) Hoke asserted the counterclaim at issue against Car Pool on July 13, 2012.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contests surrounding the facts of the case, the merits of a claim, or the applicability of any defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief, that is, the "plausibility of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). Although the Court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Moore v. Flagstar Bank*, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (1990)). The Court may also look to documents attached to the complaint and those incorporated by reference without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *See Pueschel v. United States*, 369 F.3d 345, 353 n.3 (4th Cir. 2004) (citations omitted).

### III. **DISCUSSION**

*A. Car Pool's Complaint*

*i. Count I: Breach of Contract*

The choice of law governing the interpretation of a Title VII settlement agreement is unsettled in the federal courts. *Melvin v. Principi*, No. 5:03-cv-968, 2004 WL 3769429, at *5 (E.D.N.C. Dec. 2, 2004). The federal courts have split on whether the law of the state of the formation of the agreement or federal common law should apply.[1] *Id.* The Fourth Circuit has not directly ruled on this issue. In this case, the Court does not have to decide the issue because the elements for a breach of contract in Virginia and under federal common law are essentially

---

[1] *Compare Makins v. District of Columbia*, 277 F.3d 544, 547-548 (D.C. Cir. 2002) (applying state law in interpreting Title VII settlement agreement); *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002) (holding that state law governs a suit to enforce a settlement of a federal suit); *Hayes v. Nat'l Servs. Indus.*, 196 F.3d1252, 1253 (11th Cir. 1990) (same); with *Stroman v. W. Coast Grocery Co.*, 884 F.2d 458, 461 (9th Cir. 1991) (holding that the interpretation and validity of a release of claims under Title VII is governed by federal law); *Brewer v. Muscle Shoals Bd. of Educ.*, 790 F.2d 1515, 1519 (11th Cir. 1999) (deciding that construction of a predetermination settlement agreement is governed by federal common law); *Fugence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (determining that federal courts are competent to determine whether a settlement exists without resort to state law).

identical.² In order to recover for a breach of contract claim, a plaintiff must allege: (1) the existence of a contract; (2) performance or offers by the plaintiff to perform under the contract; (3) the defendant's failure to perform under the contract or breach of the agreement; and (4) actual damage to the plaintiff caused by the breach. *Filak v. George,* 594 S.E.2d 610, 614 (2004).

The plaintiff has alleged sufficient facts to support a plausible claim for breach of contract. The complaint says that the two parties entered into an agreement, that Hoke represented to Car Pool when entering into the agreement that she had not disclosed the prospect of settlement to anyone, that Hoke then breached the agreement by communicating with Shaabneh about the settlement prior to the signing of the agreement, and that this breach by Hoke injured Car Pool by inducing Car Pool to enter into an agreement it would not have otherwise entered into. The Court, therefore, denies the motion to dismiss the breach of contract claim.

### ii. Count II: Rescission of the Contract

General principles of contract law require that "[m]isstatements or omissions [] be material in order to warrant rescission. *Plant v. Merrifield Town Ctr. Ltd. P'ship,* 711 F. Supp. 2d 576, 590 (E.D. Va. 2010) (internal quotations omitted). Misstatements or omissions are material when they would have influenced the decision to enter into the disputed contract with the omitting or misrepresenting party. *Id.*; *see also Augusta Mut. Ins. Co. v. Mason,* 645 S.E.2d 290, 293 (Va. 2007) (asserting that a false representation of a material fact, constituting an inducement to the contract, on which a party had a right to rely, is always ground for rescission

---

² *Cf. Hilb Rogal & Hobbs Co. v. Rick Strategy Partners, Inc.,* 2006 WL 5908727, at *11 (E.D. Va. Feb. 10, 2006) (finding that an inquiry into the proper choice of law is only necessary if the relevant states' laws lead to conflicting results).

of the contract). The plaintiff has alleged sufficient facts as to the rescission count to overcome a motion to dismiss. Car Pool alleges in its complaint that it would not have entered into the agreement with Hoke had it known that Hoke had previously communicated with Shaabneh about her claims and settlement. Accordingly, the Court denies the defendant's motion to dismiss the rescission claim.

### B. Hoke's Counterclaim

Counts I – IV of Hoke's counterclaim survive Car Pool's motion to dismiss, but the Court grants Car Pool's motion to dismiss in regard to Count V.

#### i. Limitations Period

Counts I – III survive a motion to dismiss despite the fact that Hoke filed her claim after the ninety-day period following her receipt of a right to sue letter from the EEOC. The Fourth Circuit has found equitable tolling available when "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). These counts survive because Hoke pleaded sufficient facts to make a plausible claim that the limitations period is subject to equitable tolling because Car Pool waited until after the ninety-day period ended to confront Hoke about the alleged breach and file this action against her.

#### ii. Counts I & II: Unlawful Sex Discrimination and Hostile Work Environment under Title VII

Hoke alleges unlawful sex discrimination under Title VII and a hostile work environment claim.[3] In order to state a prima facie case of sex-based discrimination under a hostile work

---

[3] Hoke describes Count I as a quid pro quo sex discrimination claim. Hoke has incorrectly characterized this claim. What Hoke asserts is actually a hostile work environment claim and the Court will analyze it as such.

8

environment theory, a plaintiff must establish (1) the harassing activity was unwelcome, (2) it was based on the plaintiff's sex, (3) it was sufficiently severe or pervasive as to alter the plaintiff's terms and conditions of employment, and (4) knowledge of the event makes it factually imputable to the employer. *Spicer v. Va. Dep't of Corr.*, 66 F.3d 705, 709-10 (4th Cir. 1995). Hoke has pleaded sufficient facts to survive a 12(b)(6) motion by stating that she was subject to unwelcome harassment based on her sex, the harassing activity was sufficiently severe or pervasive, it altered Hoke's conditions of employment by forcing Hoke to resign, and the harassment is imputable to Car Pool because Simms was Hoke's supervisor and Hoke twice reported the harassment to Car Pool.

### iii. Counts III & IV: Unlawful Retaliation

A plaintiff states a prima facie claim of retaliation by showing (1) she participated in a protected activity, (2) she suffered an adverse employment action, and (3) the protected participation and the adverse employment action are causally related. *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007). Looking at the facts in the light most favorable to the counter-claimant, she has asserted a plausible claim for relief based on retaliation in Counts III and IV. In Count III, Hoke alleges that when she reported Simms' harassment, she was threatened with reduced hours, and that there is a causal connection between the materially adverse action and the protected activity. In regard to Count IV, Hoke has also alleged sufficient facts. She says that she engaged in a protected activity by filing a charge of discrimination against Car Pool. Car Pool's suit against Hoke could dissuade a reasonable worker from making or supporting a charge of discrimination, and the facts lead to an inference that the protected activity caused the materially adverse action.

*iv. Count V: Breach of Contract*

Hoke alleges three theories of liability for the breach of contract claim: (1) that Car Pool breached the agreement by disclosing and divulging the terms of the agreement in the complaint, (2) that Car Pool has breached the agreement by disparaging Hoke, and (3) that Car Pool has breached the agreement by filing a suit seeking rescission of the agreement. In order to recover for a breach of contract claim, a plaintiff must allege: (1) the existence of a contract; (2) performance or offers of performance by the plaintiff; (3) the defendant's failure to perform under the contract or breach of the agreement; and (4) damages caused by the breach. *Filak*, 594 S.E.2d at 614. The Court finds insufficient factual allegations in the counterclaim to support a plausible claim of relief under any of the three theories Hoke offers.

As to Hoke's first theory of liability, filing suit over a breach cannot constitute a breach of confidentiality by itself. As this Court has held, "the mere fact that documents are filed unsealed and are available in public court does not destroy the secrecy of such documents in the absence of evidence of further publication." *MicroStrategy*, 331 F. Supp. 2d at 418-19 (4th Cir. 1999). Similarly, not filing a complaint under seal does not result in a breach of contract.

Applying the same reasoning as above, Hoke's second theory alleging that Car Pool disparaged Hoke by filing the complaint also fails. Without additional facts of disparagement, simply pleading facts that Car Pool filed a suit against Hoke does not support a plausible claim for a breach. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Similarly, Hoke's third theory that Car Pool breached the agreement by seeking rescission of the contract fails because Hoke does not plead any facts as to how Car Pool's seeking rescission of the contract breaches the agreement. In sum, the Court concludes that,

without additional factual allegations of disparagement or breaches of confidentiality, the mere filing of the complaint in a public forum does not plead facts sufficient to support a breach of the agreement.

## VI. Conclusion

For the reasons set forth above, the Court denies the defendant's motion to dismiss. The Court denies in part and grants in part the plaintiff's motion to dismiss the counterclaim.

The Court will enter an appropriate order.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Date: October 11, 2012  
Richmond, VA

/s/ John A. Gibney, Jr.  
United States District Judge